FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

APR 13 2015

CHRISTOPHER A. PRINE
CLERK

Case No 14-14-00869-CV

In the Fourteenth Court of Appeals
Houston, texas

Kenneth L Hill Appellant

vs

the texas Department of Criminal Justice
Correctional Institution Division Appellee

from the 412nd Judicial District Court Angleton texas
Case No 51712

Appellants Petition for Judgment non Obstante Veredicta

Kenneth L Hill Brief

Kenneth L. Hill Appellant
Jester III unit
3 Jester Road
Richmond texas 77406
281-277-7000

Appellant Request no oral arguments

Pre fnc .......................................... i

Case Citations .............................. ii

Parties .......................................... 1

Jurisdiction .................................... 1

Nature of Case ............................... 1

Statement of Fact ........................... 1

Points of Errors .............................. 2

LEGAL INSUFFICIENCY

   Arguments & Authorities ........ 2, 3, 4, 5

Contributory - Comparative Negligence ... 5, 6, 7

   Pro Prietorty Negligence

      Arguments & Authorities ... 7, 8, 9

Conclusion ..................................... 9

Prayer for Relief ............................ 9

Declaration of Perjury .................... 10

Certification of Service .................. 10

Non Compliance Notice ................... 11

# Case Citations
## Federal
Estelle vs Gamble 429 US 97. 97 SCt 288, 150 LEd2d 251 (1976)   8
## State Cases
B Block vs Mojo 314 SW3d 440 (Tex App Amarillo 2009)   6 9
C Carney vs Roberts Inv. Co 837 SW2d 216 (Tex App Tyler 1992)   3
  Ctpl of Austin vs Selter 415 SW2d 489 (Tex Cw App Austin 1967)   6
  " of Gladwater / Pike 727 SW2d 514 517 (Tex App 1981)   2, 7 8
  " of Keller vs Wilson 168 SW3d 802   (Tex 2005)   4
  Croucher vs Croucher 660 SW2d 813 (Tex 1983)   4
D Doe vs Boys Club of Greater Dallas Inc. 907 SW2d 472 (Tex 1995)   2
F Fairbi vs mm Cattle Co 529 SW2d 731 Tex   6
G Garza vs Alviar 395 SW2d 821 853   Tex 1965   4
  Golden Eagle Archery Inc. Jackson 116 SW3d 757 (Tex 2003)   7
H Hammett vs Zimmerman 804 SW2d 663 (Tex App Fort Worth 1991)   6
  Henderson vs Ford Motor Co. 519 SW2d 87 (Tex 1974)   9
  Houston vs Southwest Concrete Co 835 SW2d 728 (Tex App Houston 14 Dist 1985)   9
  Hunter vs Carter 415 SW2d 41 (Tex Cw App Houston 14 Dist 1972)   6
K Kendred vs Con/ Chom Inc 650 SW2d 61 (Tex 1983)   4
  Kroger Co vs Keng 23 SW3d 347 (Tex 200   )   3, 6
L Light v Wilson 663 SW2d 813 (Tex 1983)   8
  Leachman vs Dretke 261 SW3d 297 (Tex App Fort Worth 2008)   8
M Monroe / Grider 884 SW2d 8   (Tex App Dallas 1994)   6
N Ned vs Ed Turner And Co Inc 11 SW 3d 412 (Tex App 14 Dist 200   )   3, 4
P- Prudential Ins Co vs Jefferson 876 SW2d 156 (Tex 1992)   2
S St. Joseph Hospital vs Wolff 94 SW3d 513 (Tex 2003)   4
  Sister of Charity Incarnate Word Houston Tx / Robert 99 SW2d 85 (Tex App Austin 14 Dist 1980)   M
  Swank vs Sveen 81 SW2d 768 (Tex App Houston 1 Dist 2003)   6
  Spires / Granger 28 SW 3d 24 7   Tex   1991   9
  Plaintiff Witness Testimony

Kenneth L Hill  Volume 3 Pg 21-23 Direct  Pg 23-34 Cross, Pg 35-36 Re Direct
Recross 36 40. 2,3,5      Volume 4 Direct 23-25 Cross 25-28 Redir 28-29
Leonard Echukk Ndireb  Volume 3 Pg 41-44
Wonitta Watton Direct Volume 4
Parti Stipulation of Readero Bg right toe Volume 4 Pg 5 line 11-25-5, 6
Bench Discussion Volume     Pg 62-64
Defendant Witness
   Leonard Echessa Volume 3 Ndirect Pg 45 Cross 55 Redirect 61 Recross 65  38
   an 4

Page ii

Kenneth L Hill
Appellant
VS.
the Texas Department Criminal Justice
Correctional Institution Division (TDCJ-CID)
Appellees

In the Fourteenth

Court of Appeals

Houston, Texas

Appellants Petition for Judgment Non obstante Veredicto Brief

Parties

Appellant
Kenneth L Hill
Jester III Unit,
13 Jester Road
Richmond Texas 77406
Attorney of Record for defendant
Kyle Smith SBOT #
David Harris SBOT # 09056800
P O Box 12548 Capital Station
Austin Texas 78711-2548

Appellee's
the Texas Department of Criminal Justice
Correctional Institution Division (TDCJ-CID)
Brad Livingston Exe. Director
P O Box 99
Huntsville Texas
Correctional Officer Dovitia Watten
15 0 Kettlene Road
Angelton, Texas 77515

## Jurisdiction

the Texas State Constitution Article Five (5) Section Eight (8)
Texas Rules Appellate Procedures Rule 44 a 1 & 2 B Texas Civil Procedure 277, 278

## Nature of Case

Civil Case Appeal Personal Injury Filed Pursuant to Respondent Superior Principal
Claim Seeking Unliquidated Punitive Damages Attorney fees a Jury Awarded Verdict Question
in favor for defendant And Against Plaintiff take Nothing by Suit.

## Statement of Facts

Appellant Kenneth L Hill recieved a fractured Great left Phalange. when
Struck by Cell bar door while exiting cell, manually operated by defendant
Dovitia Watten Correctional Officer a TDCJ-CID employee. Appellant brought suite
to the 412 District Court Brazoria County Angelton Texas Case No 51713, on Sept-
ember 29 & 30 2014 Trial by Jury was Conducted. the Jurors answard Verdict
Question on Contributory Negligence in favor of defendant And Against
Plaintiff that Plaintiff Take Nothing in Suite

Appellant filed Timely Appeal And Raises Legal and Factual
insufficient evidence to trial Court submission of Con-
tributory Negligence.

## Points of errors presented

Did the appellee's prove their burden of the affirmative defense of appellants - Plaintiffs Kenneth L. Hill act or actions of contributory - Comparative Negligence to warrant the trial court submission of jury charge and instructions of contributory - Comparative Negligence and did such jury charge cause improper rendition of verdict?

Did the defendants give Erroneous arguments of Respondent Superior Principal claim to Key factory function to cause improper verdict rendition Rehearse?

## Argument And Authorities

After hearing on Merits appellee moved for dismissal trial court Record Reporters Transcript (Trl Ct Rec Rtrs Trans). Volume 4 pg 30 the court Denied motion in Part Granting dismissal on all damages except Pain & Suffering Past. Denying Motion on Gross Negligence, Trl Ct Rec Rtrs Trans. Volume 4 pg 32. lines 15-25. the trial court issued submission of jury charge and instructions on contributory-Comparative Negligence Trl Ct Rec Rtrs Trans. Volume 4 pg 42-53.

the Jury answered jury verdict Question one Yes Trl Ct Rec Volume 4 pg 64 line 22-23. And Yes to verdict Question two Trl Ct REC Rtrs Trans. PG 64 lines 24-25

the Verdict Questions having been answered in favor of Defendant Texas Department of Criminal Justice And Against Plaintiff Kenneth L Hill Texas Department of Criminal Justice now Judgement that Plaintiff take Nothing by his Suit Against it defendant recover all Cost of Court from Plaintiff Kenneth L Hill.

Appellant brings appeal of legal and factual insufficient evidence and jury charge submission of contributory-Comparative Negligence which contemplate an injured person failure to use ordinary care Regarding his own safety Kroger V Keng 25 Sw 3d 341 tex 2003 at 350 Negligence requires proof of proximate cause. Providential Tns co Vs Jefferson 8 98 sw 2d 136 140 (tex 1995) the elements Requisite of Cause in fact (But For Cause) and foreseeability City of Gladwater 727 Sw 2d 514 517 (tex 1981) the test for Cause in fact is whether Negligent act was Substantial factor in bringing about the injury, without which harm wouldn't have occurred Doe Vs Boys Club of Dallas Inc 907 Sw 2d 472 (tex app tyler 1995)

PAGE 2 of 17 PAGES

foreseeability requires that ordinary person should anticipate dangers created by negligent act idot 478. At merit hearing Appellant Hill gave testimony in the narrative Tel Ct Rec. Rpts Transp. Volume 3 Witness Kenneth L Hill, Direct Pg 22 - ~~~~ 1935. Cross Volume 3 Pg 23 24 28 Pg 40.

Witness Kenneth L Hill testimony established a loosely chain of events before, during and after. In concerns of the events of his injury that testimony solidified fact that there was events (operation of cell bar door mechanism) who operated same and the injury resulting plus fact that there was absolutely nothing he had to do with the cell bar door and there wasn't anything he could have done to avoid being struck by the cell bar door.

the parties stipulated to the fracture received as injury and that the Jury could consider that as evidence in making their decision Tel Ct Rec. Rpts Trans Volume 4 Pg 5 lines 11-25

Witness Hill lay testimony which was the only testimony of actually how he was injured was uncontroverted by any testimony. Witness Hill lay testimony is sufficient proof to have established fact, the Texas Courts hold sufficient proof of causation when lay testimony established a sequence of events. Ned vs Ed Turner and Co Inc 11 Sw 3rd (Texas App Hy Dist 2000). the test for Texas Negligence and Negligence are 1) "Duty owed 2) Breach of that duty 3) an injury caused" vs Roberts Ins Co 837 Sw 2d 206, 768 (tex App Tyler 1992) Appellee's raised contributory negligence & overlooked ~~~~ and because of this Affirmative defense on a special issue tendered by Appellee's the burden of proof of contributory negligence was then on Appellee's to show by preponderance of evidence Kroger Supra id at 351 Appellee's held to prove that Appellant Kenneth L Hill was negligent and his negligence caused his injury and if not for his action the injury wouldn't have occurred id.

the only testimony of the event was from Witness Kenneth L Hill Tel Ct Rec Rpts Trans. Volume 3 Witness Kenneth L Hill Direct Pg 21. Cross Pg 23 Re direct Pg 35 Re Cross Pg 37. o testimony from Witness Leonard Stark Volume 3 Direct Pg 41. Defense Witness Leonard Echess 9 Volume 3 Direct Pg 45. Cross 55 Redirect 61, Recross 65 Plaintiff Witness Correctional officer Donita Walker Volume 4 Direct Pg 6

Are absent of facts vital to the incident if anything defendants evidence is mere surmise or suspision upon events which was at its best not even scintilla. KRODNER VS DOW CHEM INC 650 SW2d 61,63 (Tex 1983). Appellee's offered no strong logically traceable connection between events of Appellant Hill's Act or Actions of negligence before, at or after being hit by the cell bar door. DED VS Ed Turner And Co inc 11 Sw 3rd 407 (Tex App Houston 1 Dist 2D). Evidence that is completely absent of vital facts or opposes vital facts on mere scintilla cant support contributory comparative negligence submission of Jury charge GARZA VS ALVIEL 395 SW2d 821 823 (Tex 1965). The Appellee's failed to meet their burdens of their Affirmative defense of Contributory-Comparative Negligence involving Appellant Kenneth L Hill.

The Texas Rules of Civil Procedure Rule 277 Require trial Court to Submit a Claim of Cause of action upon broad form questions and such instruction And definitions as are necessary and proper to enable a Jury to render a verdict based upon the Appropriate Law And evidence Presented Texas Rule Civil Procedure 277 Jury Instructions. Contributory-Comparative Negligence charge involve measuring parties comparative fault in causing plaintiffs injury It necessitates A Primminority finding that plaintiff was in contributory negligence. Appellees filed an Affirmative defense and then failed to Prove their burden that Appellant Hill had every causual connection with the incident, Texas law concept of Comparative Negligence has no application to a Plaintiffs Action which antedates the defendants negligence and evidence, if any on Appellant Hill behalf and no evidence was offered to show that Appellant Hill increased or added to the extent of loss or injury that happened because of his negligence in fact such contributory Negligence as to affect recovery. Submission To the Jury of a Comparative Negligence fault Question is not allowed without sufficient evidence to support submission Texas Civil Procedure Rendered 33. o The Standard Review Applicable to a Complaint Preliminary to and Alleged error in submission of the Courts charge to the Jury depends upon the particular Aspect of the charge about which complaint is being made. When alleging the legal sufficiency of adverse finding on an issue on which the party must demonstrate there is no evidence to support adverse finding Croucher v Croucher 660 SW2d 55, 58 (Tex 1983). To support finding Court must determine if evidence Anything rised to level that would enable reasonable fair minded people to differ their conclusion. Saint Joseph Hospital v Wolff 94 3rd 513 519 (Tex 2D) the Court sustains A NO evidence issue only if there is no more than a scintilla proving elements of claim Saint Joseph Hospital Supra 157D. Evidence is viewed in light favorable to verdict crediting favorable evidence if reasonable Jurors could disregarding contrary evidence unless reasonable people couldnt. City of Beller VS Wilson 168 SW3d 802, 807 (Tex 2005)

the trier of fact may review reasonable inferences thats local from the evidence only's within the principles of the Law. Appellant Hill avers that although pleadings from Appellee's of Contributional negligence was before the Court Appellee's didn't prove their burden of such and there is no evidence to support the Jury charges And the Jury had no evidence to answer verdict questions. the Court discretion to issue Jury charge and instruction is subject to the requirement that the comparative questions control the disposition of the case. Standard for reversable error on Judgment must be reviewed on Appeal on grounds that the trial Court made error in law. The Court of Appeals conclude that the error complained of 1. probably Caused the rendition of a improper Judgment 2. probability prevented Appellant from properly presenting case to the Court of Appeals B. error affected only part of but not all the matter in a controversy and that Part is seperable without unfairness to the parties. the Judgment must be reversed And a new trial ordered only as to the part affected by the error. the Court may order a seperate trial solely on unliquidated damages if liability Texas Rule App Pracdure 44. f 61 § 2 B. (Sept. 1991). the question of Law is viewed Denovo and determination whether a legal duty exist under given facts if facts to warrant the submission on Contributional Negligence Jury Instruction.

The Comparative Negligence Juror finding error.

defendants raised an affirmative defense of Contributional Negligence Docket Sheet # 90 under the proportional responsibility Act Texas Civil Practice And Remedies Code 33.01 (Tex Civ Prac. & Rem 33.01) lists the statute scheme of comparable negligence. the scheme grants trier if facts to grant recovery of damages at ending of merits which Appellee's never met their burden of proof. the Court entered Jury Charge And Instructions Trl Ct Rec Rpts Trans Volume 4 P9 42 - P9 53. the Jurors answered verdict questions one Yes And verdict question two Yes for Kenneth L. Hill no for Tdcj Trl Ct Rec Rpts trans P9 24 Lines 20 - 25. the Court entered Judgment that Plaintiff that nothing by the suits And defendant recovered Cost of Court from Plaintiff Docket Sheet # ___. the only evidence before the Jury in Contains of the actual incident is Appellant Hill Lml testimony there is no controverted Testimony evidence. Both Parties agreed upon stipulation that Appellant Hill has sustained a t ceturd right arm toe Trl Ct Rec At Trans Volume 4 P9 3 lines 11 - 25. Appellee's had not proved their Affirmative defense of Contributional Negligence. the only strong Labelled Tangibly Connections of events Came from the Lml Testimony of Appellant Hill. if And using the evidence is conclusive that Appellant Hill would have been struck and injured Regardless Appellant Hill Lml Testimony being that had he had an opportunity he would have avoided being hit Trl Ct Rec Rpt Trans Volume 3 Witness Kenneth L Hill P9 21 Direct Lines 14 - 21. P9 23 Lines 3 4. 11 - 14. Cross P9 33 Lines 22 - 25 Redirect P9 36 Lines 6 - 15 Volume 4 P9 23 P9 24 Across P9 28 lines 2 - 4 Redirect P9 28 lines 18 - 25. Hill Lml testimony the only Testimony had to lead a unbiased reasonable Person to conclude that Hill Regardless Hill would have been struck And injured in Lari.

Page 5 of 11 Pages.

Appellant Hill is not responsible pursuant to the statute scheme under Proportional Responsibility that Blake vs Meila 314 SW 3rd 430 (Tex App Amarillo 2008) o Appellees under their affirmative defense had to prove that Appellant Hill had knowledge of the danger the Cell door closing presented appreciated that knowledge of danger and voluntarily exposed himself to being caught and struck by the cell bar door. Hunter vs Carter 476 sw2d 46 (Tex Civ App Houston 14 Dist. 1972) the Appellees affirmative defense is defeated by Voluntie non fit natura. the Assumptive Risk defense of Comparative Negligence requires an intelligent choice where by Action voluntarily incounters the danger or risk. the reasonableness factor is not an element of the defense HENDERSON VS Ford Motor Co 519 Sw2d 87 (Tex 1974).

The Legislature enacted Texas wide law Comparative Negligence in 1973 to abolish the harsh effect of a Comparative Negligence finding. the statute scheme of such Negligence a Plaintiff no longer automatically bars recovery but reduces Plaintiffs recovery. Oct 1973 63rd Leg R.S. Tex 28 § 1973 Tex Gen Law 41 Repealed 1985 Currend Version 33 J.C. Texas Civil Practice and remedies code 33.01 Citing Lorkel vs Winn Cattle Co 529 Sw2d 751 758 (Tex 1995 Quoting Kirksey vs King 23 Sw3d 347 (Tex 2000) Id at 350.

The Jury has discretion to Award damages within range of evidence presented at trial so long as a rational basis exist for the Jury calculation Swank vs Sunnate 121 Sw3d 788 (Tex App Houston 1 Dist 2003). the Parties Agreed to stipulation if Plaintiff Hill injury a Fractured 619 Right toe. Trl of Ac Rptr Trans. Volume 4 P7 5 Lines and that the Jury could take that stipulation as evidence in its consideration. the Jury erred in it Judgment Appellant had objective damage evidence before the Jury and to hold that a Jury finding that Appellant Hill incurred No Damage from Past Pain and Suffering the Jury must have found by preponderance of evidence that no Past Pain and Suffering accompanied injury Hammett vs Hammett 901 sw2d 663 665 (Tex App Fort Worth 1991) id at 664. Pain and Suffering assumed as consequence of Severity of injury City Austin vs Selter 415 sw2d 489 501 (Tex Civ App Austin 1941) the Jury verdict Violated the Zero Damages Rule had Objective damage before if un rebuted And had to find that injury existed. the Jurors failure to compensate for damages element of Pain & Suffering is necessarily against the great weight and preponderence of evidence. Monroe vs Gridde 884 sw2d 811 (Tex App Waco 1994) id at 810 See Wendell Hall Standard of Review in Texas 8 JH Mars L J 351 465 466 (1991) Appellate Court Review Jury finding damages.
The Jurors further erred by not answering verdict Questions #6 8 9 10 & 11

to conduct a factually insufficiency review the court must clearly comprehend the evidence pertinent to the inquiry and can start at the jury and instruction and confine review to evidence, if any that is unfavorable to the the challenged category. In the instant case, the category of Past Pain and Suffering Mental arousal, Mental stress, Contributory/Comparative Negligence and the Juries failure to award damages. And if evidence is against the great weight and preponderance, manifestly unjust and shocks the conscience or clearly demonstrates bias then New Trial should be ordered. Golden Eagle Archery Inc. v. Jackson 116 SW3d 751 (Tex 2003) at 775 and also state in what grounds the court clearly not weighed the evidence or disregarded of Evidence; Sisters of Charity of Incarnate Word V. Scobit 987 SW2d 1 (Tex App Houston 1 Dist 1999). Reversible Error Review Civil A Standard for Reviewing Error No Judgment may be reversed on appeal on the Ground that the trial made error in law unless the court of appeals conclude that error complained of 1 probably caused Rendition of an improper Judgment b. Error affected only part of case if the error effected part of but not all the matters in controversy and that part is separable without unfairness to the parties the Judgment must be reversed and a new trial ordered only as to the Part affected by the error, the Court may order separate trial solely on unliquidated damages of liability Texas Rule Appellate Procedure Rule 48 a. 1 + b. c. Where conducting a De Novo Review the Court exercising its own Judgment and determines each issue of fact and law. In such review the Court Cannot afford the trial Court no deference.

Pro Se Litigants Function error.

Appellant brought suite against TDCJ-CID under Respondent Superior Principal Claim and so being alleged that Witness Correctional officer Donitra Walton as an TDCJ-CID employee in performance of her scope of duties of employment Caused the Injuries to Appellant Hill by right toe by her operation of the Cell door door mechanism during E tier/intake

As an agent employee of TDCJ-CID Correctional officer Donitra Walton owed Appellant Hill a duty to protect from injury and Prevent injury by general rule. C.B. of Wellesley v. Pitts 727 SW2d 514511 (Tex ) (General rule tores agent are individually liable for tortious act).

Appellant Hill is a inmate illegally confined to TDCJ-CID. And such is a Protected Class this inmate Penal institution affords a Relationship between Appellant Hill and appellee TDCJ-CID. Wilson vs Wilson 663 SW2d 813 (Tex 1983. Also see Estelle vs Gamble 429 US 97, 97 Sct 288. 150 LEd2d 251 (1976) United States Constitution Eighth Amendment.

Correctional officer Monika Watts, she knowing her Causal duty for TDCJ-CID a Egress ingress a function o Appellant Plead that the operation for Egress-Ingress are Proprietors function in its Nature. Docket sheet # 144, 141 o two functions Exist Governmental and Pro-Prietory. the former being functions given to TDCJ-CID by law a statute. which is Performed for the General Public o the later Proprietary Functions of TDCJ-CID are those functions due within the infrastructure of TDCJ-CID and by CID discretion. and when CID Acts in its Private Capacity (within CID infrastructor) and not a Governmental Arm those Acts are Proprietary acts liable both for CID And its employees. City of Galveston supra. o At the merit hearing appellees raised the operation of Chain and Egress and Ingress. Trl Ct Rec. RPt trans Volume 3 Defendent witness Leonard Echessa (Direct PP 61, 62 Line 7-25, LE CROSS 1965 1966 the jurors answered the Jury charge, verdict question one (1) YES. Trl Ct Rec. RPt trans Pg 44 line 23. the Court issued Submission Volumn 4 Pg 42-53. Verdict QUESTION Pg 46 Lines 6-8.

the appellee argued verdict Question # 1 Mr. David Harris Volume 4 Pg 56 Lines 1-14, APPellant Hill attempted to Ascertain the Nature inquired By both Defendent witness Leonard Echessa Bench Discussion Volume 3 Pg 63 and 64. EVEN AN Juror Ask QUESTIONS Volume 3 Pg 65 8-9 And 18 o APPellant Hill Again attempts to Get a Comprehension Volume 4 Pg 34, 35, 36, 37, 38 o And APPellee Kyle Smith, the referrence to Same Volume 4 Pg 31-32.

Appellant fruitless attempt to get clarification from the Court has left the Question of whether are what are internal Proprietors functions o the appellees argument at volume 4 Kyle Smith Pg 31-32 lead Appellant to Surmize that appellees were Pleading an affirmative defense that Plead and Raised Question As to is such defense, if that which it was Was Proven. Defendant/APPellees Bears burden to Prove Affirmative defense LEACHMAN vs Dretke 261 SW 3d 297, 315 (Tex App Fortworth 2001) N Ref. to An Affirmative Defense LAYS UNDER Texas Government Code 497.096 immunity defense

PAGE 8 of 11 PAGES

Appellant avers that a E Gress / in Gress is an internal function of CID done the inmate at the discreation of CID irregardless of it being Programmatic is Non Programmatic. And ask this Court to interpretate Programmatic Non Programmatic in incidence of E Gress ingress for Chew?

the court has Judicial deference by legislature to interpretations of Proprietory functions Houston vs Southwest Concrete Co 835 SW2d 728 (Tex App Houston 14 Dist 1992) Governmental and Proprietory function are Questions of Law for a Court to decide State vs Nugent SW2d 249 (Tex 1991).

## Conclusion

the court submission of Jury charge and instructions of contributory negligence without legal and factual sufficient evidence based upon acts or actions of plaintiff Kenneth L Hill caused the rendering of an improper judgement against Plaintiff Kenneth L Hill and the Question of whether E Gress in Gress for non programmatic reasons is an internal discreationary governmental is Proprietory function.

## Prayer for Relief

wherefore all premises considered Plaintiff prays upon the Court to Reverse the Judgement and Remand Back to the trial court with order of Retrial on Merits and and compensation for Past Pain and suffering. And state regards the contrary evidence Relied upon to reverse the Judgment. And define whether E Gress in Gress from cell for non programmatic reasons is a discreationary internal or Governmental function?

Respectfully Submitted

Kenneth L Hill

Kenneth L Hill
Jester III unit
3 Jester Road
RICHmond, Texas 77406

Page 9 of 11 Pages.

## Declaration of Perjury

My name is Kenneth L Hill. My TDCJ-CID identification number is 00840444. I am currently and offender in the Jester III Unit, 3 Jester Road, Fort Bend County, Richmond texas 77406 under penalty of perjury I depeces and declare that the contents certified in petition fullyment my abstract, verdict, Brif is true and correct pursuant to texas civil practice and Remedie Code Annoted Artical 132.001

Executed to this ___7th___ day of ___April___ 2015

_Kenneth L Hill_

## Certification of Service

I Kenneth L Hill appellant Pro Se Certify that a true and correct copy of appellant petition judgment nor abstract verdicate was served this ___7th___ day of ___April___ 2015 by U.S. Post office Mail Service, Postage Prepaid Addressed to:

M Kyle Smith SB No 24086814
Assistant Attorney General
Law Enforcement Defense Division
P.O. Box 12548 Capitol Station
Austin texas 78711-2548

_Kenneth L Hill_
Kenneth L Hill 00840444
Jester III unit
3 Jester Road
Richmond, Texas 77406
Appellant Pro Se.

# Certificate of Non Compliance

Certificate of non compliance. True not within limitation nor words. Brief dont met true style nor volume. Brief is hand written.

Brief is not in compliance pursuant to texas Rules Appellate Procedure 9.4(i)(2)(E).

Kenneth L. Hill
KENNETH L. HILL
Appellant Pro se

Case Nº 15-CV-00896

Kenneth L Hill
    Appellant

VS.

The Texas Department of Criminal Justice
Correctional Institution Division
    Appellees

In the Fourteenth

Court of Appeals

Houston, Texas

Petition to Reduce the Number
of Copies of Briefs

Appellant seeks the permission to reduce the number of appellant copies filed to the Court pursuant to T.R.A.P. P. Rul 9.3 (2) a.

1. Appellant Kenneth L Hill has an appeal before the Court in its concerns of a judgement from the 410th Judicial District Brazoria County Angelton Texas No. 51182.

2. Appellant Hill is seeking equitable relief in a Civil Suite.

3. Appellant has maintained his legal regress informa pauperis.

4. Appellant cant effectuate the required number by hand and has incorporated his affidavit in support thereof Attached.

5. The Texas Rules of Appellate procedure Rul 9.3(3)a allows for reduction of copies filed to the Appellate Court.

6. Appellant is faced with time restraint issues.

Prayer for Relief

Wherefore all premises considered appellant prays upon the Court to issue it order permitting Appellant to submitt a reduce number one (1) original to the Court.

Respectfully Submitted
Kenneth L Hill

Declaration of Perjury

My name is Kenneth L Hill, my TDCJ-CID Id # 00840441 I am Currently incarcerated in the Jester II unit, 3 Jester Road, Fort Bend County Richmond Texas 77469. And under penalty of perjury, I declare and Declare that the content contained in the above and foregoing Petition to reduce the number of brief are true and correct pursuant to Tx. Civ. Prac & Rem Code 132.001 Executed to this _____ day of April 2015
Kenneth L Hill

Certification of Service

I Kenneth L Hill certify that a true and correct copy of the instrument was served by U.S. Post Office Mail Service this _____ day of April 2015 address to Mr. Kyle Smith Assistant Attorney General, Law En Forcement Defense Division P.O. Box 12548 Austin Texas 78711-2548
Kenneth L Hill
Jester III Unit
3 Jester Road
Richmond Texas 77469

State of Texas — Affidavit of Deponent of Kenneth L Hill

I Kenneth L Hill an adult above the legal age of twenty-one (21) years of age and sound mind, capable of making this affidavit based upon personal knowledge deposes and states that

I Kenneth L Hill effected an appeal file to the Fourteenth Court of Appeals Caa No. 15-CV-00896 appealing a judgment from the 41st District Brazoria County Angleton Texas No. 5516.

I further state that I am a inmate illegally incarcerated in TDCJ-CID and I have no source of income (see affidavit and inmate Certified trust fund account sheet produced filed).

I further state that TDCJ-CID law library supply policy had a limit on legal material typing paper legal 25 sheet issued once a week, carbon paper once a month and ink pens every six (6) months.

I further state that I don't have access to a typewriter wordprocess photocopier or computer and no monies to pay to have reproduction of legal document reproduced and carbon copies reproduced in longhand are unreadable after the second carbon copy if carbon paper is fresh. All my documents are effectuated in longhand

I further state that there are legal time restraints imposed by state court statute and I've applied once already for an extension of time

Further Affiant Sayeth not.

_Kenneth L Hill_
Kenneth L Hill Affiant

Declaration of Perjury

My name is Kenneth L Hill my TDCJ CID id # 00840441 I am currently incarcerated at the Jester III Unit 3 Jester Road Fort Bend County Richmond Texas 77406 and under penalty of perjury I depose and declare that the content of this AFFIDAVIT OF DEPONENT Kenneth L Hill are true and correct pursuant to Tex Civ. Proc. & Rd. 132.001

EXECUTED to BY me this ____ Day of ____ 2015  _Kenneth L Hill_

Certification of Service

I Kenneth L Hill appellant Pro-se certify that a true and correct copy of this instrument was served by US Postage mail service this ____ day of ____ 2015 addressed to Mr. Kyle Smith Assistant Attorney General Law Enforcement Defense Division POBox 12548 Austin Texas 78711-2548

_Kenneth L Hill_

Kenneth L. Hill
Jester III unit
3 Jester Road
Richmond texas 77406

4-07-2015
Clerk of the Court
Fourteenth Court of Appeals
301 Fannin, Suite 245
Houston, texas 77008

Re: Hill vs TDCJ-CID  Case No 14-14-00869-CV

Dear Court Clerk

Please find for filing under the Above Stated and Numbered Cause  Appellants Petition for Judgment Non Obstante Veredicto And Appellants Petition to Notice Number of Copies of the above Name brief

Respectfully Submitted
Kenneth L. Hill

Kenneth L Hill
TDCJ-CID#00840441
Jester III unit
3 Jester Road
Richmond, Texas 77406
Appellant Pro Se